UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD NIEMAN,
    Plaintiff,

-vs.-                                    **DEMAND FOR JURY TRIAL**

PERFORMANT RECOVERY, INC.,
a California corporation,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiff, through counsel, Nitzkin and Associates, by Gary Nitzkin states the following claims for relief:

# JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

# PARTIES

3. The Defendant to this lawsuit is Performant Recovery, Inc. which is a California company that maintains registered offices in Oakland County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Oakland County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff in regards to student loans in the amount of $118,624.32.

7. These are private student loans.

8. Plaintiff's mother, Helen Nieman, co-signed on these loans.

9. Defendant first started calling Plaintiff sometime in October 2012, attempting to collect on this alleged debt.

10. Sometime in October 2012 when Defendant called Plaintiff, Defendant threatened Plaintiff by telling him that they could garnish his wages and taxes.

11. On or about October 21, 2012, Defendant sent Plaintiff a letter attempting to collect on this alleged debt. This letter states, "If necessary, our client may use any means available to it to collect this debt, including Administrative Wage Garnishment under 20 U.S.C. § 1095a. In addition, our client has advised us it will report your default to all national credit bureaus, which may affect your ability to obtain credit. Our client is also required to report your account to the U.S. Department of the Treasury to offset any payments you receive from the federal retirement benefits, and/or other financial assistance if your account is not in repayment."

12. Inasmuch as these are private student loans, none of the remedies alleged by the defendant are available to it to collect this alleged debt.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

18. Defendant violated 15 U.S.C. 1692e by threatening to take action that the defendant had no intention of taking (e.g. suing on a debt that is clearly outside the Statute of Limitations).

19. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

20. Plaintiff incorporates the preceding allegations by reference.

21. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

22. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

23. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

24. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

25. These violations of the Michigan Occupational Code were willful.

### COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

26. Plaintiff incorporates the preceding allegations by reference.

27. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

28. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

29. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

30. Plaintiff has suffered damages as a result of these violations of the MCPA.

31. These violations of the MCPA were willful.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

    a. Actual damages.

    b. Statutory damages.

    c. Treble damages.

    d. Statutory costs and attorney fees.

Respectfully submitted,

December 13, 2012
        /s/ Gary Nitzkin
        GARY D. NITZKIN  P41155
        TRAVIS SHACKELFORD P68710
        MICHIGAN CONSUMER CREDIT LAWYERS
        Attorneys for Plaintiff